**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALTON LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09 C 5471 |
| | ) |
| CITY OF CHICAGO, et al., | ) Judge Elaine E. Bucklo |
| | ) |
| Defendants. | ) |

**DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS CERTAIN
PORTIONS OF PLAINTIFF'S COMPLAINT AND FOR OTHER RELIEF**

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett, PLLC, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), hereby moves to dismiss count II and other portions of plaintiff's complaint, and further, to require plaintiff to provide a more definite statement as to his policy and practice claim. In support thereof, Defendant City states:

**INTRODUCTION**

1. Plaintiff has filed a nine count complaint against the City and two individual police officers (Dkt. #1), in which he sets forth the following claims:

| | |
|---|---|
| Count I | §1983 Due Process |
| Count II | §1983 Malicious Prosecution |
| Count III | §1983 Failure to Intervene |
| Count IV | §1983 Conspiracy |
| Count V | State Law Malicious Prosecution |
| Count VI | State Law Intentional Infliction of Emotional Distress |
| Count VII | State Law Conspiracy |
| Count VIII | State Law *Respondeat Superior* |
| Count IX | State Law Indemnification |

2.  As an initial matter, plaintiff's purported §1983 malicious prosecution claim in count II fails to state a cause of action recognized in the Seventh Circuit and should be dismissed. Those portions of count I that allege a due process violation based on fabrication or falsification of evidence also should be dismissed. Such allegations essentially sound in malicious prosecution rather than due process, and therefore, they are subject to dismissal for the same reasons as count II. The Court also should dismiss those portions of counts III and IV that incorporate and rely on count II and the insufficient allegations of count I. Finally, plaintiff should be required to provide a more definite statement with respect to any *Monell* claim he wishes to pursue against the City. Plaintiff's current pleading appears to preliminarily assert two "practices and policies" he alleges caused him injury. (*See* Complaint, ¶¶43-45 and ¶46). However, each of his separate §1983 claims concludes with a vague paragraph suggesting the "misconduct described" in that count was undertaken pursuant to "Chicago's policy and practice in the manner described" in preceding paragraphs. (*See*, *e.g.*, Complaint, ¶59). Plaintiff's broad incorporation of unspecified "preceding" paragraphs results in an unclear jumble of "policy and practice" allegations that potentially could involve an open-ended range of issues. Plaintiff should be required to clarify his *Monell* claim and identify with specificity the policies and practices on which he bases his claim against the City.

## **LEGAL STANDARD**

3.  A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Such a motion tests the sufficiency of the complaint, not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although when considering a motion to dismiss a court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom (*see Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005)), a court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Rather, to survive a 12(b)(6) motion to dismiss, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).

4.  Where a claim is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the Court should order a more definite statement. Federal Rule of Civil Procedure 12(e). *See also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (A court should require a more definite statement under Rule 12(e) where a claim is "unclear"); *Fidelity Nat'l Title Insurance Co. of New York v. Intercounty Nat'l Title Insurance Co.*, 412 F.3d 745, 749 (7th Cir. 2005) (Rule 12(e) authorizes the granting of a motion for a more definite statement where the plaintiff's pleading is "confusing").

## DISCUSSION

### I. COUNT II FAILS TO STATE A SUBSTANTIVE DUE PROCESS CLAIM

5.  The very title of count II states it is a §1983 malicious prosecution claim. The Seventh Circuit does not recognize a cause of action for malicious prosecution under §1983. *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). Count II of the complaint therefore fails to state a claim for which relief can be granted. Moreover, the failure of count II to state a cognizable claim necessarily dooms any *Monell* claim dependent on the viability of count II. *See Bielanski v. County of Kane*, 550 F.3d 632, 645 (7th Cir. 2008). Count II should be dismissed in its entirety.

### II. CERTAIN ALLEGATIONS IN COUNT I FAIL TO STATE A SUBSTANTIVE DUE PROCESS CLAIM AND SHOULD BE DISMISSED

6.  Count I of the complaint purports to be a due process claim. Paragraph 55 of the complaint purports to provide the basis for the due process claim:

> "In the manner described more fully above, the Defendants and/or other Chicago employees and agents deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence, thereby misleading and misdirecting the prosecution of Plaintiff. These individuals also engaged in the unduly suggestive identification procedures, as described above. Absent the totality of this misconduct, the prosecution of Plaintiff could not and would not have been pursued."

(Complaint, ¶55, Dkt. #1). This motion is directed to the portion of count I claiming a due process violation based on the alleged "fabricated false reports and other evidence." These

allegations invoke concepts clearly associated with claims for malicious prosecution and should be dismissed. They do not support the due process claim otherwise suggested in count I.

7. As noted above, the Seventh Circuit in *Newsome* held there is no cause of action for malicious prosecution under §1983. *Newsome* established that a claim of deprivation of liberty from a prosecution and a contrived conviction was "in essence" a claim for malicious prosecution, not a due process violation. 256 F.3d at 751. The *Newsome* court held the existence of a state law remedy for malicious prosecution foreclosed any federal constitutional remedy under the guise of "due process" for the same tort. *Id.*

8. In count I, plaintiff alleges in part his prosecution and conviction were procured through falsified reports and fabricated evidence. The Seventh Circuit has construed such allegations as asserting a claim for malicious prosecution rather than a due process violation. In *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003), the plaintiff alleged the defendant violated his due process rights "by causing him to suffer '[a] deprivation of liberty from a prosecution and a contrived conviction … deliberately obtained from the use of false evidence.'" *Id*. Dispositive of the motion here, the Seventh Circuit interpreted those allegations to be, in essence, a malicious prosecution claim, rather than a due process claim. *Id*. The *McCann* court held a plaintiff cannot state a substantive due process claim "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *Id.* at 786. That improper type of "hybrid" due process claim is precisely what plaintiff has attempted in count I through the allegations targeted by this motion.

9. The Seventh Circuit re-emphasized its holding in *McCann* in its recent decision in *Brooks v. City of Chicago*, 564 F.3d 830 (7th Cir. 2009). Like plaintiff in this case, the plaintiff in *Brooks* claimed criminal proceedings were instituted against him based on false evidence and false testimony by the defendant officers in violation of his due process rights under §1983. *Id*. at 831. The Seventh Circuit, quoting *McCann*, upheld the district court's dismissal of those allegations, finding the attempted claim to be, "in essence, one for *malicious prosecution, rather than a due process violation*." *Id*. at 833 (emphasis added). This quotation from *Brooks* is directly on point. To the extent count I of the complaint in this case is based upon the allegations of "fabricated false reports and other evidence," it essentially asserts a prohibited §1983 claim

4

for malicious prosecution rather than a substantive due process claim. This portion of count I, like count II, should be dismissed.[1]

### III. PLAINTIFF'S MONELL CLAIMS SHOULD BE DISMISSED, OR CLARIFIED AND REPLEADED

10. As a final matter, plaintiff should be required to amend his pleadings with respect to his ostensible *Monell* claim against Defendant City. A *Monell* claim is an action seeking to establish municipal liability when alleged constitutional violations occur as a result of a city policy or practice. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978). It is well established that when alleging a *Monell* claim, a plaintiff must identify with specificity the custom, policy, or practice of which he complains. *See*, *e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 391 (1989) (the identified deficiency must be "closely related to the ultimate injury").

11. The complaint does not present a *Monell* claim in a separate, distinct count. In the general allegations section, the complaint sets forth two separate "policies and practices" that plaintiff claims violated his constitutional rights: the withholding of exculpatory information from criminal defendants in so-called "street files" (Complaint, ¶¶43-46); and, a policy and practice "to pursue and secure false convictions through profoundly flawed investigations" (Complaint, ¶¶47-53). The confusion results from plaintiff's insertion of additional *Monell* allegations in each of the separate §1983 counts, which vaguely allege that the "misconduct described" in that count was "undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described" in preceding paragraphs. (*See* Complaint, ¶¶ 59, 65, 70, 78). This broad incorporation of unspecified "preceding" paragraphs creates a potentially

---

[1] Count I also purports to assert a due process claim based on a *Brady* violation resulting from the individual defendants' alleged withholding of exculpatory evidence from prosecutors and plaintiff. (*See, e.g.,* Complaint, ¶¶20, 25). This motion is not directed to those allegations *per se*. However, to the extent count I is intended to suggest a *Brady* violation based upon the defendant officers' alleged withholding of information that they fabricated or falsified reports and evidence, such a claim would be improper. Allegations that law enforcement officers failed to provide favorable or exculpatory information in the form of "disclosing" or admitting fabrications occurred do not establish a *Brady* violation for purposes of a due process claim. *See Carvajal v. Dominguez*, 542 F.3d 561, 568 (7th Cir. 2008); *see also Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007) (The plaintiff "essentially seeks an extension of *Brady* to provide relief if a police officer makes a false statement to a prosecutor by arguing that an officer is 'suppressing' evidence of the truth by making the false statement. This court has already foreclosed this extension"); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006) ("The Constitution does not require that police testify truthfully; rather the constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies").

open-ended *Monell* claim based upon a disjointed assortment of "policy and practice" allegations against the City. For example, is the *Monell* claim based upon limited to the two "policies" specifically alleged in the general allegations section of the complaint? Or, are there additional "policies" contemplated in counts I through IV given plaintiff's "incorporation" of unspecified "preceding paragraphs" and/or vague references to alleged misconduct "more fully described above"? These unclear and potentially open-ended allegations do not provide the City with fair notice of plaintiff's *Monell* claim and cannot be reasonably investigated or defended in any meaningful fashion. Plaintiff should not be allowed to proceed on a *Monell* claim so vague and ambiguous that it can elude targeted discovery and potentially metamorphose into different or new theories as the case approaches trial.

12. The uncertainty of plaintiff's claims against the City is magnified by his reliance on allegations of misconduct by unidentified "employees of the City" (Complaint, ¶44) or unnamed "members of the Chicago Police Department (Complaint, ¶43) or unidentified "other Chicago employees and agents" (Complaint, ¶55). Importantly, plaintiff does not characterize these unnamed individuals as "unknown." Who is plaintiff referring to, and what specifically did they do (as opposed to the named defendants)? By relying on such vague and open-ended allegations, plaintiff effectively forces the City to guess at the basis for and scope of his *Monell* claims.

13. By highlighting the need for clarification at this juncture, the City hopes to avoid being blindsided by some hidden or under-developed "policy" claim at the close of discovery or the time of trial. Where a claim is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the court should order a more definite statement. Federal Rule of Civil Procedure 12(e); *see also Bennett, supra* (claim that is "unclear"); *Fidelity Nat'l, supra* (claim that is "confusing"). The City's motion here seeks relief based on the vague and confusing references to alleged "policies" of the Chicago Police Department throughout the complaint. Plaintiff should be required to clarify his *Monell* claim against the City and identify with specificity the policies and practices of which he complains.

## CONCLUSION

14. The Seventh Circuit has held there is no cause of action for malicious prosecution under §1983. *Newsome, supra.* Count II of the complaint therefore is improper and should be dismissed with prejudice. To the extent count I of the complaint is based upon the allegations of

"fabricated false reports and other evidence, " it essentially asserts a §1983 claim for malicious prosecution rather than a due process violation. Those allegations from count I therefore are improper and likewise should be dismissed. The Court also should dismiss those portions of counts III and IV that incorporate and rely on count II and the insufficient allegations of count I. Finally, pursuant to Rule 12(e), plaintiff should be required to clarify his *Monell* claim against the City and identify with specificity the policies and practices of which he complains.

WHEREFORE, Defendant, City of Chicago, respectfully requests that this Court enter an order providing the specific relief requested herein, and further, providing any other relief this Court deems appropriate and/or just.

Dated: January 13, 2010                                          Respectfully submitted,


                                                                 By: s/ Paul A. Michalik
                                                                     One of the Attorneys for Defendant,
                                                                     CITY OF CHICAGO

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2010, I electronically filed the foregoing **Defendant City of Chicago's Motion to Dismiss Certain Portions of Plaintiff's Complaint and For Other Relief** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| Arthur Loevy | Richard T. Sikes, Jr. |
| Jon Loevy | Johner T. Wilson III |
| Mike Kanovitz | Daley Mohan Groble, P.C. |
| Loevy & Loevy | 55 W. Monroe Street |
| 312 North May Street | Suite 1600 |
| Suite 100 | Chicago, IL 60601 |
| Chicago, IL 60607 | (312) 422-9999 |
| (312) 243-5900 | |

s/ Paul A. Michalik
Paul A. Michalik

CHICAGO\2840855.1
ID\PAM - 097003/0135