# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5471 | **DATE** | 5/11/2010 |
| **CASE TITLE** | Logan vs. Burge, et al. | | |

**DOCKET ENTRY TEXT**

City's motion to bifurcate Section 1983 claims and to stay discovery and trial (54) is denied. Defendants' motion to join (77) is granted.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Plaintiff filed a complaint against the City of Chicago (the "City"), numerous police officers, and "unidentified employees" of the City alleging numerous constitutional violations under 42 U.S.C. § 1983 and various state law claims. The lawsuit arises from plaintiff's arrest and conviction for the murder of Lloyd Wyckliffe, the attempted murder of Alvin Thompson, and armed robbery, all of which arose out of an incident that occurred on January 11, 1982. Plaintiff seeks to hold the City liable for the alleged constitutional violations pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). The City moves to bifurcate plaintiff's *Monell* claims pursuant to Federal Rule of Civil Procedure ("FRCP") 42(b) and requests a stay of discovery and trial for those claims.

The issue of whether to bifurcate *Monell* claims from the discovery and trial of the underlying constitutional torts alleged is one that has been addressed by numerous courts in this district. *See, e.g., Cadiz v. Kruger*, No. 06 C 5463, 2007 WL 4293976 (N.D. Ill. Nov. 29, 2007)(noting that courts in this district have both granted and denied such requests, in fact, the same judges have at times granted and denied requests by the City to bifurcate *Monell* claims for discovery and/or trial); *Elrod v. City of Chi.*, Nos. 06 C 2505 and 07 C 203, 2007 WL 3241352, at *1, n.2-3 (N.D. Ill Nov. 1, 2007)(Brown, Mag. J)(collecting cases). The same arguments made here by plaintiff and the City have already been considered by other judges in this district, with varying outcomes. *See e.g., Elrod*, 2007 WL 3241352, at * 8 (granting bifurcation); *Medina v. City of Chi.*, 100 F. Supp. 2d 893, 898 (N.D. Ill. 2000)(denying bifurcation, but deferring discovery on *Monell* claims).

**STATEMENT**

Like these other cases, the City argues that the court should allow plaintiff to proceed with his case against the individual defendants and that, if the jury finds that any of the named individual defendants violated plaintiff's constitutional rights, the City agrees to entry of judgment against it for compensatory damages and reasonable attorneys' fees. *See* Reply Ex. 1 (proposed stipulation). The City argues that such an approach will serve judicial economy since it will allow the parties to avoid the burdensome discovery and the lengthy trial that would be connected to plaintiff's *Monell* claims.

However, this case is a bit unusual in that the parties are represented by the same law firms who already conducted discovery in a similar case on the exact two *Monell* claims at issue here ("street file" and "abusive investigation" practices/policies). *See Evans v. City of Chicago,* No. 04 C 3570, 2006 WL 463041 (N.D. Ill. Jan. 6, 2006). In fact, to relieve the "undue burden" of *Monell* discovery, plaintiff has offered to rely on the same record evidence gathered in *Evans* for his Monell claims:

> All of the written discovery bearing on the old street files practice that still exists was (presumably) discovered in *Evans*. Those same documents and deposition transcripts have already been identified and produced back to the City in this case in conjunction with Rule 26. The work is done. (Resp. 7.)
> ....
> Moreover, because of the similarities between the [abusive investigations *Monell* claim] and the one already litigated for the same time period in *Evans*, discovery on this claim is largely completed as well....Plaintiff is content to rely on the same record. (Resp. 14.)

The City, on the other hand, contends there will be more fact discovery on the street files claims, since the incident at issue in this case occurred six years after that in *Evans* and, contrary to plaintiff's contentions, *no* discovery has been taken on the abusive investigations *Monell* claim. But the *Evans* decision suggests that evidence collected in that case included evidence concerning street files through at least 1982, when the incident underlying the claims in this case occurred, so it is unclear why more evidence would be required. *See* Am. Compl. ¶¶ 10-31; *Evans*, 2006 WL 463041, at *15 ("Evidence that the CPD had a practice of maintaining street files in 1982 may be suggestive of a similar practice in 1976.") Moreover, the City moved for summary judgment on both street files and abusive investigations *Monell* claims in *Evans*, so its contention that no discovery on the abusive investigations claims has been conducted is not credible. *See Evans*, 2006 WL 463041, at *12 ("The City seeks summary judgment on Plaintiff's 'policy and practice' claims, alleging that Plaintiff cannot produce sufficient evidence to show that there was a policy and practice of withholding exculpatory evidence in so-called street files *or to pursue false criminal convictions through witness and evidence coercion and manipulation*.")(emphasis added).

Moreover, the offered stipulation has a narrower scope than that accepted in other recent cases and does not take into consideration the "unidentified" City employees charged in the amended complaint. *See Cruz v. City of Chicago*, No. 08 C 2087, 2008 WL 5244616 (N.D. Ill. Dec. 16, 2008)(stipulation covered liability of "any City employee" and was modified

**STATEMENT**

to account for liability based on "summary judgment or any other court procedure not involving a finder of fact," among other differences); *Almaraz v. Haleas*, 585 F. Supp. 2d 988, (N.D. Ill. 2008)(same). With eleven named defendants (and possibly more), it is too early to say whether a "liability gap" exists, whether or not the City's stipulation resolves any such a gap, and whether bifurcation at trial will be necessary. Accordingly, the City's motion is denied.