# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5471 | **DATE** | 1/27/2011 |
| **CASE TITLE** | Logan vs. Burge et al. | | |

**DOCKET ENTRY TEXT**

Motion by defendants Joseph DiGiacomo, Fred Hill, Anthony Katalinic, Thomas McKenna, and James Pienta for judgment on the pleadings [165] is granted in part and denied in part. Defendant City of Chicago's motion to dismiss certain portions of Plaintiff's Second Amended Complaint [167] is denied. As to defendants Burge and Basile, none of the claims is dismissed.

■ [ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiffs' Second Amended Complaint ("SAC") alleges nine causes of action. Four of these are asserted under 42 U.S.C. § 1983: Count I alleges violation of plaintiff's due process rights; Count II alleges a claim for failure to intervene; Count III alleges that the defendants conspired to violate plaintiff's civil rights; and Count VII asserts violation of plaintiff's right to equal protection. In addition to allegations concerning the individual officers, each of these § 1983 counts contains allegations seeking to hold the City of Chicago ("the City") liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

The complaint's remaining claims are asserted under Illinois law. Count IV asserts a claim for malicious prosecution; Count V alleges intentional infliction of emotional distress ("IIED"); Count VI asserts a claim for civil conspiracy; Count VIII alleges a *Respondeat Superior* claim; and Count IX alleges a claim for indemnification. Motions to dismiss various portions of the SAC have been filed by the City and by "secondary defendants" Joseph DiGiacomo, Fred Hill, Anthony Katalinic, Thomas McKenna, and James Pienta. Defendants Burge and Basile have been granted permission to join the secondary defendants' motion. *See* Doc. 172. They have not submitted briefing of their own.

The City moves to dismiss the portion of "Plaintiff's *Monell* claim relating to a policy and practice of malicious prosecution." City's Mot. at 1. The City also moves to strike the factual allegations pertaining to *Monell* malicious prosecution claim. As the recounting above makes clear, however, the SAC does not assert a *Monell* claim based on malicious

prosecution. Such a claim was asserted in plaintiff's First Amended Complaint, along with a § 1983 malicious prosecution claim. But the underlying § 1983 malicious prosecution claim was dismissed, *see* Doc. 87, and neither it, nor the *Monell* claim, has been asserted in the SAC.

Nevertheless, the City expresses concern that the SAC still contains allegations of malicious prosecution -- including allegations concerning a "policy and practice on the part of the City of Chicago to secure false convictions through profoundly flawed investigations." Compl. ¶ 52. According to the City, the "improper malicious prosecution-based policy and practice claim in this case will . . . entail an almost infinite amount of discovery." Reply at 5. The City's concern is unwarranted. The malicious prosecution allegations are appropriately included in the complaint because they remain relevant to plaintiff's state-law malicious prosecution claim; and since it is clear that plaintiff is not asserting a malicious-prosecution-based *Monell* claim, there is no cause for concern about such a claim causing an expansion of discovery. For these reasons, the City's motion to dismiss and/or to strike is denied.

The secondary defendants (joined by Burge and Basile) have moved for a judgment on the pleadings with respect to plaintiff's state law claims in Counts IV, V, and VI. They argue that the claims are time-barred. Plaintiff concedes that his claims are untimely with respect to DiGiacomo, Hill, Katalinic, McKenna, and Pienta. However, plaintiff insists that his claims against Burge and Basile have a different accrual date and are therefore not untimely. Without a specific response from Burge and Basile on this point, I decline to hold that his claims against them are time-barred. Hence, plaintiff's state law claims are dismissed as to the secondary defendants, but not as to Burge and Basile.

The secondary defendants (again, joined by Burge and Basile) also seek dismissal of plaintiff's § 1983 equal protection claim in Count VII of the SAC. They point out that the claim was dismissed in plaintiff's First Amended Complaint because it alleged that the defendants had violated the equal protection rights of minority criminal suspects by torturing them, but failed to allege that plaintiff himself had been tortured. The secondary defendants argue that plaintiff re-pleaded the claim in his SAC in bad faith, without seeking leave to do so. In addition, they claim that plaintiff's equal protection claim must be dismissed because plaintiff still has failed to plead it properly.

I disagree. With respect to plaintiff's alleged bad faith in attempting to re-plead his equal protection claim, I am unpersuaded. I see no basis for believing that he intended to re-plead the claim surreptitiously. Nor am I convinced by defendants' claim that they will be prejudiced if plaintiff is allowed to re-plead the claim. The secondary defendants contend that they have taken six depositions of "key" witnesses in the belief that the equal protection claim had been dismissed. As a result, they claim that they did not ask any of these witnesses about "their own race, the race of the officers they interacted with, whether they observed anything that might support a direct finding of racial discrimination, or whether they were aware of any potential suspects

(individuals situated similarly to Logan) that were not African American." Reply at 4.

The Seventh Circuit has explained that "[c]ourts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith or dilatory motive on the part of the movant." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007). "Undue prejudice occurs when the amendment brings in entirely new and separate claims . . . or at least entails more than an alternative claim or a change in the allegations in the complaint and when the additional discovery is expensive and time-consuming." *McDavid Knee Guard, Inc. v. Nike USA, Inc.*, No. 08 CV 6584, 2010 WL 151998, at *4 (N.D. Ill. Jan. 14, 2010) (quotation marks omitted). However, the mere fact that an amendment might require a defendant to engage in further discovery or to re-depose witnesses is not enough to establish prejudice. *See, e.g.*, *Doe v. Sheriff of DuPage County*, No. 95 C 200, 1996 WL 189292, at *3 (N.D. Ill. Apr. 17, 1996).

Despite their protestations to the contrary, I am not convinced that the defendants will be inordinately prejudiced by "reinstatement" of plaintiff's equal protection claim. Defendants have given no reason for thinking that re-deposing the witnesses identified above (assuming that it would in fact be necessary to re-depose them) would be unduly expensive or time-consuming. Further, defendants exaggerate in asserting that plaintiff's re-pleading of his equal protection claim comes at the "eleventh hour." Discovery remains open in the case. Indeed, I recently granted defendants' request to extend discovery until March 23, 2011. (Doc. 187). This development has hardly arisen at the last minute.

Defendants claim that plaintiff was dilatory in waiting six months before amending his complaint. It is true that I dismissed plaintiff's equal protection claim in May 2010 (Doc. 87) and that plaintiff did not seek leave to file an amended complaint until October 2010. But after dismissal of the equal protection claim, motions to dismiss were filed by other parties in the case. Plaintiff moved to amend his complaint shortly after these remaining motions to dismiss had been resolved. In any event, delay alone is generally not a sufficient basis for denying leave to amend. *See, e.g.*, *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992).

Finally, I am unconvinced by defendants' contention that the equal protection claim, as set forth in the SAC, is improperly pleaded. True, the paragraphs of the complaint in which the equal protection claim is set forth are somewhat formulaic and bereft of factual enhancement. *See* Compl. ¶¶ 95-99. However, when taken together with the complaint's other allegations, the claim is pleaded sufficiently to comply with Fed. R. Civ. P. 8(a).

For these reasons, the Secondary Defendants' motion is granted as to Logan's state-law claims in counts IV, V, and VI, but denied as to his equal protection claim in Count VII. None of the claims is dismissed as to Burge and Basile.