```
            IN THE UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ALTON LOGAN,                       )
                                   )
        Plaintiff,                 )
                                   )    Case No. 09 CV 5471
    v.                             )
                                   )
JON BURGE, GEORGE BASILE, the      )    Hon. Judge Bucklo,
CITY OF CHICAGO, and UNIDENTIFIED  )    Presiding
EMPLOYEES OF THE CITY OF CHICAGO,  )
                                   )    Magistrate Judge Mason
                                   )
        Defendants.                )    JURY TRIAL DEMANDED
```

## PLAINTIFF'S MOTION *IN LIMINE* No. 2 TO BIND DEFENDANTS TO THEIR PRIVILEGE ASSERTIONS

Now Comes Plaintiff, ALTON LOGAN, by his attorneys, LOEVY & LOEVY, and brings this Motion *in Limine* to bind defendants to their privilege assertions. In support of his Motion, Plaintiff states as follows:

While all Americans undoubtedly have the right to avoid self-incrimination, having knowingly availed themselves of that right during discovery, Defendants must now live with the consequences of that election at trial. This includes the permissive (but not mandatory) adverse inference which accompanies their silence.

This Court gave Defendants every opportunity to testify, even after they had been deposed and asserted their Fifth Amendment rights in response to every substantive question. *See* Exhibits 1, 2, 3 and 4 (deposition transcripts of Defendants Basile, Burge, McKenna, and

Pienta). On January 6, 2011, this Court granted Defendants an additional 30 days in which to assert whether they will revoke their privilege not to testify. Dckt. No. 187. That was to be their last opportunity to testify. As this Court stated: "After that, for reasons stated on the record, they will not be allowed to testify." *Id.*

### A. UNDER WELL-SETTLED LAW, DEFENDANTS WHO ASSERTED THE FIFTH DURING DISCOVERY ARE BOUND TO THE SAME PRIVILEGE ASSERTION ON THE WITNESS STAND AT TRIAL

In this case, four of the Defendants refused to testify during discovery. This includes Defendants Jon Burge and Thomas McKenna, the only two living people whom Donald White alleges received his crucial statement that Andrew Wilson, and not Alton Logan, committed the McDonald's murders with Edgar Hope.[1]

Presumably, whatever good faith basis the non-testifying Defendants had for taking the Fifth in the first place will not disappear when it comes time for trial. If there was a good faith basis that truthful answers could implicate the Defendants criminally, then testifying on the witness stand should implicate that good faith basis just as strongly as testifying during discovery.

However, even were the Defendants to attempt to come to trial and try to testify, they would be prohibited from doing so. After having forced Plaintiff to build his entire case and get ready for

---

[1] Mr. White could not recall whether Defendant Katalinic was also present when he provided this information to Burge and McKenna.

2

trial (e.g., draft witness examinations, retain expert witnesses, etc. based on the record as it exists) without the benefit of their testimony, the law obviously prevents them from trying to defend themselves on the witness stand. "[H]aving invoked the Fifth Amendment to avoid testifying as to these matters, these witnesses have effectively waived their right to testify at trial." *Boim v. Quranic Literacy Institute*, 349 F.Supp. 2d 1097, 1102 (N.D. Ill. 2004) (granting motion *in limine* to bar witnesses who invoked the Fifth Amendment privilege from giving substantive testimony at trial).

As another of this Court's colleagues explained, under elementary privilege case law, "[a]n individual party cannot assert the fifth amendment privilege as a shield against discovery and then convert it to a sword by testifying at trial." *Rehabiltation Institute of Chicago v. Hicks*, 1990 WL 16298, at *2 (N.D. Ill. Jan. 26, 1990) (precluding witness from testifying after he repeatedly invoked Fifth Amendment privilege in discovery) (citations and internal quotations omitted); *Niebur v. Town of Cicero*, 212 F.Supp. 2d 790, 805-06 (N.D. Ill. 2002) (refusing to grant new trial after court barred Cicero testimony by a witness who had taken the Fifth consistently during discovery and then announced he wished to testify on the eve of trial); *National Organization for Women, Inc. v. Scheidler*, 1990 WL 103212, at *1 (N.D. Ill. 1990) ("Certainly precedent exists to support... an order precluding Mr. Terry from changing his mind at trial and testifying on matters about which he has refused to testify during his deposition on the basis of the Fifth

3

Amendment"). This is so under the very basic principle that where a witness blocks discovery by asserting a privilege (and here, these Defendants did so both during their depositions and in response to all written discovery), that witness is not entitled to do anything other than assert the same privilege on the witness stand at trial. *See* FRCP 37(c)(2) (failure to provide discovery results in the exclusion of evidence at trial).[2]

In similar situations, courts balance the legitimacy of assertion of the Fifth against the prejudice suffered by the opposing party. "Generally, withdrawing the Fifth Amendment privilege at a late stage places the opposing party at a significant disadvantage because of increased costs, delays, and the need for a new investigation. Furthermore, a litigant who provides previously

---

[2] This same result obtains in other jurisdictions as well. *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 82-86 (2d Cir. 1995) (district court properly barred party from testifying as to matters covered by his prior Fifth Amendment assertion during discovery); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) ("[W]here the party claiming privilege during discovery wants to testify at the time of trial, the court may ban that party from testifying on the matters claimed to be privileged"); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 576 (1st Cir. 1989) (upheld decision to bar defendant police officer from testifying when officer took the Fifth during discovery, observing that "if a party is free to shield himself with the privilege during discovery, while having the full benefit of his testimony at trial, the whole process of discovery could be seriously hampered"), quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2018, at 149 (1970); *cf. United States v. Taylor*, 975 F.2d 402, 404 (7th Cir. 1992) ("A party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence").

4

withheld information at summary judgment places the opposing party at a significant disadvantage in responding to such information." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 548 (5th Cir. 2012). Where the invoking party waits until the eve of trial to decide to testify, without any triggering event cloaking the decision to revoke a privilege assertion with good faith, courts reject such an attempt. *See id*. (permitting party to revoke Fifth Amendment assertion when request was made during discovery, while rejecting similar request from party who sought to revoke assertion during discovery but after motion for summary judgment had been filed); *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 191 (3d Cir. 1994) ("In a civil trial, a party's invocation of the privilege may be proper, but it does not take place in a vacuum; the rights of the other litigant are entitled to consideration as well. One of the situations in which that concern comes into play arises when one party invokes the Fifth Amendment during discovery, but on the eve of trial changes his mind and decides to waive the privilege. At that stage, the adverse party—having conducted discovery and prepared the case without the benefit of knowing the content of the privileged matter—would be placed at a disadvantage. The opportunity to combat the newly available testimony might no longer exist, a new investigation could be required, and orderly trial preparation could be disrupted. In such circumstances, the belated waiver of the privilege could be unfair."); *Edmond v. Consumer Prot. Div.*, 934 F.2d 1304, 1308-09 (4th Cir. 1991) (affirming district court's striking of summary judgment affidavit offered in support of summary judgment motion when movant

had invoked Fifth Amendment privilege during discovery deposition); *United States v. Parcels of Land*, 903 F.2d 36, 44-45 (1st Cir. 1990) (affirming decision of district court to strike affidavit offered in opposition of government's motion for summary judgment when non-movant invoked Fifth Amendment privilege at deposition).

This case is distinguishable from *Evans v. City of Chicago*, 513 F.3d 735 (7th Cir. 2008). In *Evans*, the Seventh Circuit affirmed the district court's discretionary decision to permit certain Defendant Officers to revoke their assertion of the Fifth Amendment where they had been under a real and public threat of prosecution. *Id*. The Seventh Circuit relied heavily on a change in circumstances that affected the *Evans* defendants' ability to testify – the special prosecutor ended its investigation and the defendants promptly sought permission to testify. *Id*. at 743.

To the contrary, the Defendants here specifically represented that their only potential concern for criminal liability was if they prospectively lied at their depositions. *See* Exhibit 5 at 26-27 (transcript of proceedings on January 6, 2011). They presented no evidence that they were actually under investigation – rather, Defendants represented that they had no indication that they were being investigated. *Id*. at 29. In the absence of any change in circumstances, the only logical conclusion from any attempt to revoke prior privilege assertions is that Defendants are trying to game the system. They would be trying to bar Plaintiff from conducting discovery for as long as possible, and then strategically coming off the Fifth when it becomes time to face a jury. *See United Auto. Ins.*

6

*v. Veluchamy*, 2010 WL 749980, at *3 (N.D. Ill. March 4, 2010) ("He has sought to have the best of all worlds: to be able to answer the complaint, to raise affirmative defenses, to avoid having to respond to discovery, and to avoid having to assert the Fifth Amendment, while effectively availing himself of its protections. It is self-help in its most obvious and unsustainable form.").

After hearing arguments on the issue, this Court granted Defendants an extra thirty days (at the end of fact discovery) to decide whether they wished to testify. *See* Exhibit 5 at 30; Dckt. No. 187. Defendants made a knowing decision not to testify. While that decision is theirs to make, in a civil proceeding, it is one that has consequences. *Baxter v. Palmigiano*, 425 U.S. 308 (1976). Defendants should be bound by their oath of silence throughout discovery.

**B. DEFENDANTS SHOULD BE BARRED FROM "EXPLAINING" THEIR INVOCATION OF PRIVILEGE BY REFERENCING LEGAL ADVICE**

At their depositions, some of the Defendants attempted to soften the invocation of their privileges by suggesting in preamble-type speeches that they would have loved very much to testify except that their lawyers told them to remain silent. If any Defendant tries this gambit at trial, he will be expressly waiving an attorney-client privilege (if it has not been waived already), thereby permitting cross-examination inquiry into <u>what</u> their lawyers told them on the subject. Their lawyers would also turn into witnesses. Unless they expressly declare their intention to live with those consequences, Defendants should be barred from going down that road at all.

WHEREFORE, Plaintiff respectfully asks the Court:

1. Bind the non-testifying Defendants to their privilege assertions on the witness stand at trial so that the jury may draw an adverse inference if it is so inclined; and

2. Bar the Defendants from explaining their refusal to testify through reliance on protected (non-disclosed) attorney-client communications.

                                RESPECTFULLY SUBMITTED:

                                _____
                                Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mike Kanovitz
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

    I, Russell Ainsworth, an attorney, certify that on August 21, 2012, I served by electronic mail the attached Motion *in Limine* on all counsel of record.

_____
Russell Ainsworth