```
            IN THE UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ALTON LOGAN,                            )
                                        )
        Plaintiff,                      )
                                        )   Case No. 09 CV 5471
        v.                              )
                                        )
JON BURGE, GEORGE BASILE, the           )   Hon. Judge Bucklo,
CITY OF CHICAGO, and UNIDENTIFIED       )   Presiding
EMPLOYEES OF THE CITY OF CHICAGO,       )
                                        )   Magistrate Judge Mason
                                        )
        Defendants.                     )   JURY TRIAL DEMANDED
```

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4
<u>TO BAR REFERNECE TO STREET GANGS</u>**

Now Comes Plaintiff, ALTON LOGAN, by his attorneys, LOEVY & LOEVY, and brings this Motion *in Limine* to bar reference to street gangs. In support of his Motion, Plaintiff states as follows:

Plaintiff is not in a street gang. Nor has he ever been a member of a street gang. *See* Exhibit 1 at 36-37 (Mr. Logan's deposition testimony); *see also* Exhibit 2 at 62, 78 (testimony of John Wright) (Wright, records custodian at Sheridan Correctional Center, testifies that the prison had no indication that Mr. Logan was a member of a gang).

Nonetheless, some of the witnesses in this case (including the true perpetrator, Andrew Wilson), were undoubtedly gang

members 30 years ago when the events giving rise to this case occurred.

"Our Court of Appeals has repeatedly recognized 'the insidious quality' of evidence of gang membership as well as 'the damage it can do.'" *Finley v. Lindsay*, 1999 WL 608706, at *1-*2 (N.D. Ill. Aug. 5, 1999), citing *United States v. Sargent*, 98 F.3d 325, 328 (7th Cir. 1996). Because there is a "substantial risk of unfair prejudice attached to gang affiliation evidence," courts must closely scrutinize its admissibility. *United States v. Irvin*, 87 F.3d 860, 864-67 (7th Cir. 1996) (citing a substantial "danger of unfair prejudice" in that "[g]angs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior. There is therefore always the possibility that a jury will attach a propensity for committing crimes to [witnesses] who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict. Guilt by association is a genuine concern whenever gang evidence is admitted.").

Based on this case law, courts in this district frequently bar references to gangs in Section 1983 cases. *See Charles v. Cotter*, 867 F .Supp. 648, 657-58 (N.D. Ill. 1994) ("Identifying Charles as a gang member is unfairly prejudicial insofar as it encourages the inference that Charles is an evil and menacing person. Because the court finds that the prejudicial effect of

2

evidence of Charles' gang affiliation substantially outweighs its probative value, Charles' motion to exclude any such evidence is granted."); *Finley*, 1999 WL 608706, at \*1-\*2 ("Given the highly prejudicial nature of gang affiliation evidence and the tenuous, unsupported basis for Officers' argument that such evidence is relevant to this case at all, Finley's motion is granted. Evidence of his gang affiliation and tattoos are excluded, as is any evidence relating to Teddy or Ronald Finley."); *Lopez v. City of Chicago*, 2005 WL 563212, at \*5 (N.D. Ill. March 8, 2005) (granting motion *in limine* to bar any references to the plaintiff gang member's gang membership); Brown v. Joswiak, 2004 WL 407001, at \*1 (N.D. Ill. Feb. 24, 2004) (Kocoras, J.) (barring all references to gang affiliation); *United States v. Davis*, 2001 WL 1195729, at \*2 (N.D. Ill. Oct. 9, 2001) (excluding gang references as "enormously and unfairly prejudicial" under FRE 403). *See also Ware v. City of Chicago*, 04 C 2602 (granting a similar motion to exclude gang membership) (attached as Exhibit 3); *Johnson v. Guevara*, Case No. 05 C 1042 (granting a similar motion to exclude references to gang membership even though Mr. Johnson had conceded former membership) (attached as Exhibit 4). In each of those cases, the court properly held that gang evidence was too inflammatory and unfairly prejudicial.

This Court should adhere to this case law. There is no good reason why this case cannot be tried without reference to the fact that some of the witnesses are former gang members. The "status" of certain witnesses as former gang members is obviously prejudicial, and any arguable incremental probative value is easily outweighed by the danger that the jury will be so prejudiced that no fair trial would be possible. To the extent that Defendants contend that certain witnesses are biased because of shared gang relationship, that bias can be communicated by establishing that they were friends.

WHEREFORE, Plaintiff respectfully requests an order barring any reference to street gangs at trial, or any other relief this Court deems appropriate.

RESPECTFULLY SUBMITTED,

_____
Attorneys for the Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

    I, Russell Ainsworth, an attorney, certify that on August 21, 2012, I served by electronic mail the attached Motion *in Limine* on all counsel of record.

                                    _____
                                    Russell Ainsworth