IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALTON LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09 CV 5471 |
| v. | ) | |
| | ) | |
| JON BURGE, GEORGE BASILE, the | ) | Hon. Judge Bucklo, |
| CITY OF CHICAGO, and UNIDENTIFIED | ) | Presiding |
| EMPLOYEES OF THE CITY OF CHICAGO, | ) | |
| | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION IN LIMINE NO. 14 TO BAR REFERENCE
TO CRIMINAL CONVICTIONS OF THIRD-PARTY WITNESSES**

Now comes Plaintiff, ALTON LOGAN, by and through his counsel, Loevy & Loevy, and respectfully moves this Court for an Order barring any inquiry into or reference to the circumstances of the criminal convictions of any third-party witness in this case. In support thereof, Plaintiff states as follows:

Several of the witnesses who will be testifying in this matter are witnesses who came to possess relevant evidence in this case while they were incarcerated with Alton Logan, Edgar Hope, and/or Andrew Wilson, or who subsequently were convicted of a crime and are serving time in prison. These witnesses include Eddie Adams, Aryules Bivens, Philip McDowell, Ronald Kliner, Donald White, Jackie Wilson, and potentially others. None of these third-party witnesses' criminal convictions are relevant or admissible, and should be excluded under Federal Rules of Evidence 609 and 403.

**Barring Evidence of the Convictions of Witnesses Who Encountered
Andrew Wilson, Alton Logan or Edgar Hope in Prison**

Certain third-party witnesses will testify about their encounters with Andrew Wilson, Alton Logan or Edgar Hope while incarcerated in the Illinois Department of Corrections. These witnesses include Philip McDowell, Ronald Kliner, Aryules Bivens, Jackie Wilson (who, as Andrew Wilson's brother, obviously knew him before, but who also has information about the case relating to his time in prison) and potentially others.

For each of these witnesses, the jury will obviously learn that these individuals are in prison based on felony convictions, since from their testimony it will be clear that they encountered Wilson, Logan and/or Hope at Illinois prison institutions. This covers, essentially, what a jury would be entitled to know about their convictions, even setting aside Rule 403. And pursuant to Rule 403, more information would be highly prejudicial and add nothing to the probative value of their testimony. As the Committee Notes to Rule 609 explain, the amendment to Rule 609 "reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate

for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant."

Here, allowing the jury to hear any further details about the crimes for which McDowell, Kliner, Bivens and Jackie Wilson stand convicted would be far more prejudicial than probative. All four stand convicted of murder, a crime that does not inherently involve dishonesty, and a particular crime that carries with it the danger of prejudice against these witnesses. *See*, *e.g.*, *United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011) ("Evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented."). *See also, Jones v. Sheahan*, Nos. 99 C 3669 and 01 C 1844, 2003 WL 21654279, at *2 (N.D. Ill. July 14, 2003) (excluding evidence of a plaintiff's prior conviction for murder in a case where plaintiff alleged his rights were violated while in pretrial custody for that conviction). In addition to the significant risk that a jury will disregard these witnesses' testimony not because they judge them to be less credible, but because they dislike them based on these convictions, there is a significant risk that their crimes will transfer prejudice from these witnesses to Alton Logan given that they are witnesses testifying about evidence that is helpful to Mr. Logan.

Certain witnesses, including Jackie Wilson, Donald White and Bivens, also have convictions that should be excluded under Rule 609(b) as convictions older than ten years old. The probative value of these convictions is not substantially outweighed by their prejudicial effect as required by Rule 609(b) for their use. *See United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005) (noting that FRE 609(b) creates presumption against admission of conviction more than ten years old). Moreover, Defendants never provided any written notice as to which old convictions Defendants intend to use against which witnesses, as required under Fed. R. Evid. 609(b)(2). Mr. Logan is thus unable to investigate the various convictions accrued by the dozens of witnesses in this action and determine which ones are admissible and which are not. Accordingly, Defendants should be barred from introducing evidence of any old convictions.

### Barring Evidence of the Underlying Crimes For Which These Witnesses Stand Convicted

At each of their depositions, Defendants asked these witnesses a number of questions about the crimes that they have committed – none of which has anything to do with the issues presented at trial. Defendants should be barred from fishing into the details of the convicted third-parties' crimes. *See* Fed. R. Evid. 401, 402, 403, and 404(b).

### Barring Evidence of the Convictions of Witnesses Whose Information about this Matter Is Unrelated to Their Convictions

There are also witnesses in this case whose information about the case is completely unrelated to their convictions. Eddie Adams, for instance, grew up with Andrew Wilson, but subsequently was convicted of aggravated criminal sexual assault and is serving out a sentence in that case. Courts in this Circuit have recognized that sexual assault is a particular crime for which the probative value is low and the potential for prejudice - for the jury to disregard someone's testimony merely because he is a "bad person" - is high. *See*, *e.g.*, *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985) (affirming trial court's decision to exclude evidence of rape conviction); *Earl v. Denny's, Inc.*, No. 01 C 5182, 2002 WL 31819021, at *1 (N.D. Ill. Dec. 13, 2002) (excluding evidence of plaintiff's prior conviction of aggravated criminal sexual assault). Again, there is a significant risk that the specific crime for which Adams was convicted will cause jurors to unfairly disregard his testimony out of prejudice, and will also transfer prejudice to Mr. Logan.

### Conclusion

Defendants can articulate no reason that evidence of the specific convictions of any third-party witness, including the specific witnesses listed above, overcomes the Rule 403 balancing test. For this reason, this Court should enter a blanket order barring

5

any reference to the criminal convictions of third-party witnesses, other than the unavoidable fact that certain of these witnesses were fellow inmates with Logan, Wilson, and/or Hope.

In the event that this Court concludes that the fact that any of these witnesses have prior convictions is admissible, then Plaintiff respectfully requests that this Court enter an order indicating that the only evidence about those convictions that may be presented at trial is the crime charged, the date, and the disposition of such crime, as has been the prevailing rule in this Circuit for some time. *See*, *e.g.*, *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987). Inclusion of any further details would carry with it a high risk of prejudice that is not outweighed by the non-existent probative value of those details.

WHEREFORE, Plaintiff respectfully requests an Order barring any inquiry into or reference to the circumstances of the criminal convictions of any third-party witness in this case.

RESPECTFULLY SUBMITTED,


                                    _____
                                    Attorneys for the Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900


                   **CERTIFICATE OF SERVICE**


     I, Russell Ainsworth, an attorney, certify that on August 21, 2012, I served by electronic mail the attached Motion *in Limine* on all counsel of record.

                                    _____
                                    Russell Ainsworth