IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALTON LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09 CV 5471 |
| v. | ) | |
| | ) | |
| JON BURGE, GEORGE BASILE, the | ) | Hon. Judge Bucklo, |
| CITY OF CHICAGO, and UNIDENTIFIED | ) | Presiding |
| EMPLOYEES OF THE CITY OF CHICAGO, | ) | |
| | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 15 TO
BAR REFERENCES TO ILLEGAL DRUGS AND ALCOHOL**

Now Comes Plaintiff, ALTON LOGAN, by his attorneys, LOEVY & LOEVY, and brings this Motion *in Limine* to bar references to Mr. Logan's use of marijuana and alcohol before and after his incarceration. In support of his Motion, Plaintiff states as follows:

Drug and alcohol use are not at issue in this trial. Plaintiff admits he occasionally used marijuana before and after his wrongful conviction, and that he also used alcohol before and after his incarceration. That evidence has absolutely no probative value. It has nothing to do with the reasons for Plaintiff's wrongful conviction, and any evidence of post-exoneration alcohol use would be unduly prejudicial.

The subject of illegal drugs is enormously prejudicial and inflammatory. The case law is well-settled that testimony on that subject is to be avoided unless absolutely necessary. *See United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007) (discussing the possibility that witness testimony will be unduly discounted once jury hears about illegal drugs), citing *United States v. Robinson*, 956 F.2d 1388, 1397 (7th Cir. 1992) and *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987). Indeed, the Seventh Circuit has been consistently clear (reaffirmed at least twice in the past two years) about the "considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." *Kunz v. City of Chicago*, 538 F.3d 667, 677 (7th Cir. 2008); *see also Buffone v. Rosebud Restaurants, Inc.*, 2006 WL 2425327 (N.D. Ill. Aug. 21, 2006) ("Even if relevant, any arguable probative value of evidence about their drug use is substantially outweighed by the danger of unfair prejudice").

Testimony regarding Plaintiff's alcohol use must similarly be barred. Although evidence of intoxication may be relevant in some cases – for example, it may bear on a witness's ability to recall events that occurred while he was intoxicated, *see Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) – this case is not one of them. Plaintiff's "memory or mental capacity must be

legitimately at issue before Defendant Officers can offer [] drug and alcohol use to attack [Plaintiff's] credibility." *Jordan v. City of Chicago*, 2011 WL 619147, *3 (N.D. Ill. Dec. 8, 2011). Whether Plaintiff has used alcohol before or following his release from prison "carries almost no probative value and would tend to lead the jury that [he is a] bad character[]." *Casares v. Bernal*, 2011 WL 1988788, at *10 (N.D. Ill. May 20, 2011), citing *United States v. Spano*, 421 F.3d 599, 606 (7th Cir. 2005); *Cobige v. City of Chicago*, 752 F. Supp. 2d. 860, 877-78 (N.D. Ill. 2010).

WHEREFORE, Plaintiff therefore requests that this Court enter an order barring the Defendants from referring at trial to Plaintiff's use of illegal drugs and alcohol.

RESPECTFULLY SUBMITTED:

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mike Kanovitz
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

    I, Russell Ainsworth, an attorney, certify that on August 21, 2012, I served by electronic mail the attached Motion *in Limine* on all counsel of record.

                                          _____
                                          Russell Ainsworth