IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALTON LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09 CV 5471 |
| v. | ) | |
| | ) | |
| JON BURGE, GEORGE BASILE, the | ) | Hon. Judge Bucklo, |
| CITY OF CHICAGO, and UNIDENTIFIED | ) | Presiding |
| EMPLOYEES OF THE CITY OF CHICAGO, | ) | |
| | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 16
TO BAR EDGAR HOPE AND JEROME JOHNSON FROM TESTIFYING
<u>AND TO BAR REFERENCE TO THEIR INVOCATION OF THE FIFTH AMENDMENT</u>**

Now Comes Plaintiff, ALTON LOGAN, by his attorneys, LOEVY & LOEVY, and brings this Motion *in Limine* to bar third-party witnesses Edgar Hope and Jerome Johnson from testifying and to bar reference to their invocation of the Fifth Amendment at their depositions. In support of his Motion, Plaintiff states as follows:

Two witnesses (apart from Defendants) responded to all substantive questions at their depositions by invoking their Fifth Amendment right to silence. Edgar Hope was the man who shot Alvin Thompson at the McDonald's restaurant while his accomplice shot Lloyd Wickliffe. He is the one who directed Andrew Wilson to break him out of police custody – a demand that

led to the tragic deaths of police officers Fahey and O'Brien. Jerome Johnson is an inmate in the Illinois Department of Corrections who is, in a word, paranoid.[1]

Based on their silence, these witnesses are unavailable at trial. It is well settled that a non-party witness who asserts his or her Fifth Amendment rights is not available to testify as a witness at trial. *See In re Corrugated Container Antitrust Litigation*, 661 F.2d 1145, 1158 (7th Cir. 1981) ("a witness who asserts his privilege against self incrimination 'is unavailable'"); *United States v. Miller*, 904 F.2d 65, 67 (D.C. Cir. 1990) (holding that a third-party witness who asserted his Fifth Amendment rights was not available, observing that "Matarazzo's unavailability-assuming he could properly assert his [Fifth Amendment] privilege-is undeniable"); *United States v. Young Bros., Inc.*, 728 F.2d 682, 690 (5th Cir. 1984) ("it is clear that a witness who is unavailable because he has invoked the Fifth Amendment privilege against self-incrimination is unavailable"); *Brenner v. World Boxing Council*, 675 F.2d 445, 450-51 (2nd Cir. 1982) (affirming district court's refusal to permit non-party witness to testify after witness invoked Fifth Amendment rights in their deposition); *Kontos v. Kontos*, 968 F. Supp. 400 (S.D. Ind. 1997). *See also Lionti v. Lloyd's Ins. Co.*, 709 F.2d 237, 242

---

[1] After objecting twice to his deposition proceeding, Mr. Johnson appeared telephonically before Judge Mason and questioned whether Judge Mason was indeed a federal judge or an imposter.

(3rd Cir. 1983) (noting district court's comment that non-party's assertion of the privilege against self incrimination "is to have no evidentiary value at all"). This is because no adverse inference can be drawn against a third-party witness in a civil proceeding. By definition, a third-party witness has no interest in the outcome and, therefore, the jury cannot make inferences for or against him or her.

The only circumstance where a third-party witness invoking the Fifth is available is where the third-party is actually an agent of a party. For example, in *Rad Services, Inc. v. Aetna Cas. and Sur. Co.*, civil litigation arose after employees of the company were prosecuted for illegally dumping hazardous waste. 808 F.2d 271, 272-73 (3rd Cir. 1986). During discovery, two of the employees asserted their Fifth Amendment rights in response to all questioning. *Id*. at 274. One of these employees was an officer and director of the company, and the other was the supervisor directly in charge of the facility that was alleged to have illegally dumped the material. *Id*. at 277.

Under these circumstances, the court determined that it was not error to inform the jury of these two senior employees' invocation of the Fifth Amendment. *Id*. at 277. The court predicated its ruling on the employees' status as agents for the defendant company:

3

> More particularly, nothing forbids imputing to a
> corporation the silence of its personnel. On the one
> hand, Fed. R. Evid. 801(d)(2)(D) excepts from the
> hearsay rule a statement offered against a corporate
> party and made by its "agent or servant concerning a
> matter within the scope of his agency or employment ...
> during the existence of the relationship...." The bases
> for admitting these vicarious admissions against the
> corporation also justify informing the factfinder when
> the corporation's agent invokes the Fifth Amendment
> privilege.

*Id*. at 275. Similar reasoning has been employed in other cases confronting situations where a company tries to avoid liability for one of its agent's actions. *See In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 664-65 (7th Cir. 2002) (adverse inference against employer but not other defendants); *Federal Deposit Ins. Corp. v. Fidelity & Deposit Co.*, 45 F.3d 969, 978 (5th Cir. 1995) (same); *LiButti v. United States*, 107 F.3d 110 (2nd Cir. 1997) (adverse inference against daughter when co-owner father took Fifth).

It is undisputed that neither Edgar Hope nor Jerome Johnson is an agent of Mr. Logan or any other party (or was an agent in the case of Edgar Hope – he has recently died). Accordingly, Hope and Johnson are unavailable and any reference to their invocation of their Fifth Amendment rights would be unfair and overly prejudicial.

WHEREFORE, Plaintiff respectfully requests an order barring Edgar Hope and Jerome Johnson from testifying at trial, as well as any reference to their invocation of their Fifth Amendment rights, and any other relief this Court deems appropriate.

                                      RESPECTFULLY SUBMITTED,

                                      _____
                                      Attorneys for the Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Russell Ainsworth, an attorney, certify that on August 21, 2012, I served by electronic mail the attached Motion *in Limine* on all counsel of record.

                                      _____
                                      Russell Ainsworth