IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALTON LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09 CV 5471 |
| v. | ) | |
| | ) | |
| JON BURGE, GEORGE BASILE, the | ) | Hon. Judge Bucklo, |
| CITY OF CHICAGO, and UNIDENTIFIED | ) | Presiding |
| EMPLOYEES OF THE CITY OF CHICAGO, | ) | |
| | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 17 TO BAR DEFENDANTS FROM SHOWING ANY VIDEOTAPED PORTION OF GAIL HILLIARD'S DEPOSITION**

Now comes Plaintiff, ALTON LOGAN, by and through his counsel, Loevy & Loevy, and respectfully moves this Court for an Order barring Defendants from playing for the jury any videotaped portion of witness Gail Hillard's deposition. In support thereof, Plaintiff states as follows:

Witness Gail Hilliard was deposed on October 6, 2010. She was an employee at the McDonald's on January 11, 1982, and witnessed the shootings inside the restaurant that night. In their Notice of Deposition, Defendants did not indicate that the deposition would be videotaped.

The deposition proceeded without video recording. In the middle of the deposition, however, defense counsel began videotaping Ms. Hilliard with his camera phone. Plaintiff immediately objected to

the video recording, stating that neither he nor the witness received notice that it would be videotaped. Exhibit A at 113-16 (Hilliard Deposition). Defendants proceeded anyway and videotaped Ms. Hilliard demonstrating how she was preparing a drink at the McDonald's the day of the event at issue in this case, and how she turned to see the man with the shotgun coming through the door of the McDonald's. Because Ms. Hilliard was informed that the deposition would not be video recorded, she dressed in casual clothing for the deposition. *Id.* at 121.

Defendants should be barred from playing this videotape. The Federal Rules of Civil Procedure require that the party who notices a deposition "must state in the notice the method for recording the testimony" and must give notice if the party changes the method for recording the testimony. Fed. R. Civ. P. 30(b)(3). Defendants here failed to comply with the rules, and as a result prejudiced both Plaintiff and the witness. Ms. Hilliard dressed casually for the deposition after having a specific conversation with counsel for Plaintiff that the deposition would not be videotaped, so she did not need to dress up for the deposition. The Federal Rules only allow the use of a deposition during a proceeding where the opposing party "had reasonable notice." Fed. R. Civ. P. 32(1)(a). Plaintiff had no notice. Although Plaintiff did not end the deposition and seek a protective order, that seemed to be a waste of the parties' collective

2

resources. Here, because Defendants did not give reasonable notice of their intention to videotape a portion of the deposition, they should not be allowed to use this videotape during the trial.

WHEREFORE, Plaintiff respectfully requests an Order barring Defendants from playing for the jury any videotaped portions of witness Gail Hilliard's deposition.

                                              RESPECTFULLY SUBMITTED

                                              _____
                                              Attorneys for the Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

    I, Russell Ainsworth, an attorney, certify that on August 21, 2012, I served by electronic mail the attached Motion *in Limine* on all counsel of record.

                                      _____
                                      Russell Ainsworth