IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALTON LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 09 CV 5471 |
| v. | ) |
| | ) |
| JON BURGE, *et al.*, | ) Hon. Judge Bucklo, |
| | ) Presiding |
| Defendants. | ) |
| | ) JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 19
TO BAR REFERENCE TO VARIOUS BAD ACTS COMMITTED BY DONALD WHITE**

Now Comes Plaintiff, ALTON LOGAN, by his attorneys, LOEVY & LOEVY, and brings this Motion *in Limine* to bar reference to various bad acts committed by Donald White. In support of his Motion, Plaintiff states as follows:

Donald White is an important witness in the upcoming trial. Defendants' strategy, as evinced by his deposition, is to bring up every bad thing that he has done in his life in the hopes that his testimony will be overshadowed by his past.

### White's Arrest History

White has been arrested numerous times. That fact, however, is not relevant. The law is uniform that prior arrests that do not result in convictions are inadmissible. *See Gregory v. Oliver*, 2003 WL 1860270, at *1 (N.D. Ill. April 9, 2003) ("Arrests that have not led to convictions are classic

candidates for exclusion under [FRE] 404(b)"); *Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper"); *Jones v. Scientific Colors, Inc.,* 2001 WL 668943, at *2 (N.D. Ill. 2001) ("Whether any of the claimants have been previously arrested -- as opposed to convicted -- is a matter of slight probative value in relationship to the claims before the Court. Such inquiries threaten more to confuse than enlighten"); *Brandon v. Village of Maywood,* 179 F. Supp. 2d 847, 853-55 (N.D. Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record -- such as "bias" or damages -- because prejudice outweighs probative value where officers did not know about it); *cf. Earl v. Denny's, Inc.,* 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent").

All references to White's arrests that do not lead to convictions should be barred.

**Only One of White's Convictions Should be Admitted**

White has been convicted several times, largely for non-dishonesty misdemeanor crimes or crimes that are older than 15 years. Non-dishonesty misdemeanor crimes are not admissible. Fed. R. Evid. 609(a). Similarly, old felonies (White has one from 1995) should not be admitted where 1) Defendants never provided written intent to introduce any old felonies as required by Fed. R. Evid. 609(b)(2), and 2) White will already be impeached with a recent felony, which will tip the Fed. R. Evid. 609(b) and 403 balancing test in favor of excluding the convictions.

White does have one relatively recent (2008) felony conviction for unlawful use of a debit card. Mr. Logan concedes that this conviction is admissible. None of Mr. Logan's other convictions should be admitted.[1]

---

[1] At his deposition, Defendants suggested White had been convicted twice of unlawful use of a credit card. Exhibit 1 at 111-13 (Donald White's September 17, 2010 Deposition). Despite scouring White's criminal records, Mr. Logan sees no record of any such second conviction. As the proponents of the evidence, Defendants bear the burden of demonstrating that White was in fact convicted twice.

Even if he does have two convictions, however, this Court should bar a second conviction from being admitted. Whatever additional impeachment could be obtained by proving that White was convicted of two felonies of the same type rather than one is negligible compared to the prejudice to Mr. Logan if the jury hears that his witness is a repeat felon. *See Charles v. Cotter*, 867 F.Supp. 648, 656 (N.D. Ill. 1994) ("Whatever marginal impeachment effect might be added by throwing in his February 2, 1984 aggravated battery, September 27, 1979 armed robbery, and March 23, 1979 burglary convictions is substantially outweighed by the unfair prejudice of further suggesting to the jury that Charles is an evil man who does not deserve any consideration of his claims").

### White's Various Bad Acts

When asked where he was the night of the McDonald's murder, White truthfully responded that he was outside selling marijuana. Exhibit 1 at 84 (White Deposition). He also testified about an incident where he stabbed a person in self-defense. Id. at 119. Further, White admitted committing a number of uncharged crimes. *Id*. at 116-17, 226, 231.

None of these incidents is in any way relevant or admissible. These are simply uncharged bad acts that are prohibited by Fed. R. Evid. 404(b), for fear that a jury will impermissibly use the evidence to conclude that White has a propensity to commit crimes. *United States v. Davis*, 2001 WL 1195729, at *2 (N.D. Ill. Oct. 9, 2001) ("That Rule provides that evidence of uncharged crimes, wrongs, or acts is inadmissible to show the defendant's propensity to commit a crime").

### Specific Instances of White's Untruthfulness

During his deposition, White testified that he (like most people) has lied in the past. Exhibit 1 at 111-12, 121-23. Defendants then sought to portray him as incredible by using these specific instances of admitted untruthfulness against him. Such tactics are unfair and should be barred. *See Redmond v. Kingston*, 240 F.3d 590, 593 (7th Cir. 2001) ("the use of evidence that a person has lied in the past to show that she is

lying now is questionable, quite apart from rape shield laws, since very few people, other than the occasional saint, go through life without ever lying, unless they are under oath").

**White's Alleged Criminal Acts in Aurora**

White claims that after he was tortured in Area 2, he was sequestered in Aurora, where he was then charged with robbing a fast food restaurant. He was not convicted of this crime. Mr. Logan will not elicit testimony from White about his belief that Area 2 detectives framed him for that crime. Accordingly, White's arrest and the underlying details of that alleged crime are irrelevant and should be barred under Fed. R. Evid. 401, 402, 403, and 404(b).

WHEREFORE, Plaintiff respectfully requests an order barring any reference to:

a) White's arrests that did not lead to a conviction;

b) All of White's convictions except for his 2008 conviction;

c) White selling marijuana;

d) White stabbing a person in self-defense;

e) White committing a number of uncharged crimes;

f) Specific instances of White lying;

g) White's Aurora arrest; and

h) any other relief this Court deems appropriate.

5

RESPECTFULLY SUBMITTED,

_____
Attorneys for the Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Russell Ainsworth, an attorney, certify that on August 21, 2012, I served by electronic mail the attached Motion *in Limine* on all counsel of record.

_____
Russell Ainsworth