IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALTON LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09 CV 5471 |
| v. | ) | |
| | ) | |
| JON BURGE, *et al.*, | ) | Hon. Judge Bucklo, |
| | ) | Presiding |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 20
TO BAR SPECULATION FROM DONNA PARKER**

Now Comes Plaintiff, ALTON LOGAN, by his attorneys, LOEVY & LOEVY, and respectfully moves this Court for an Order *in Limine* barring Defendants from eliciting speculation testimony from Donna Parker. In support thereof, Plaintiff states as follows:

Defendants have included Donna Parker, the probation officer who conducted Plaintiff's 1994 presentence investigation report (the "Report"), on their witness list. Mr. Logan does not see to bar all of Ms. Parker's testimony, but she must not be permitted to speculate as to the meaning of Mr. Logan's words attributed to him in the report.

This Motion regards a sentence under the "Alcohol/Drug Usage" section that reads, "He further states that he was under the influence of alcohol at the time of the offense." Ex. 1 at 5 (Presentence Investig. Rept.). This statement is consistent with

what Mr. Logan has always maintained and what he will testify to at this trial: that he was at home, intoxicated, when the offense occurred. Defendants will certainly try to twist this statement into an admission that he was *present* at the scene of the murder. That same Report, however, makes clear that, on advice of his counsel, Mr. Logan did not make any statements about his culpability in the crime with which he was charged. *Id.*

At Ms. Parker's deposition, she had no recollection of ever speaking with Mr. Logan. *See* Ex. 2 at 9, 26-27 (Parker Deposition) in response to defense counsel's questioning, she testified that she believed the statement to mean that Plaintiff was intoxicated *when he committed the offense*. *Id.* at 18-19 (Parker Deposition). This belief was purely an assumption based on the fact that he had been convicted of the charged crimes. Moreover, Ms. Parker never asked Mr. Logan about his involvement in the crime for which he was convicted, and Mr. Logan never stated nor suggested in any way that he was involved in the crime. *See id.* at 24-26. More to the point, Ms. Parker has no recollection of ever speaking to Mr. Logan, and thus is in no better position than any juror to interpret what the words attributed to Mr. Logan mean. *See Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 816 (7th Cir. 2004) (noting that courts are expected to reject any subjective belief or

speculation).

Because Defendants will devote their energies at trial to re-trying Mr. Logan for the crime, and because they will argue that Mr. Logan was not wrongfully convicted and is in fact a murderer, Ms. Parker's opinion testimony is not just inadmissible on the ground of relevance – it would also be highly misleading and prejudicial to Mr. Logan. Accordingly, Mr. Logan respectfully asks the Court to bar Defendants from eliciting any testimony from Ms. Parker regarding her belief as to the meaning of that single sentence.

The statement at issue, like so many others in the Report, requires no interpretation. It means literally what it says: Mr. Logan was intoxicated at the time of the offense. There is thus no need to elicit testimony from anyone, including Ms. Parker, regarding the meaning of this statement. It is well within the jurors' abilities to discern the meaning of the statement; Ms. Parker's interpretation of the statement is irrelevant.

WHEREFORE, Plaintiff respectfully requests that this Court bar Defendants from eliciting speculation from Ms. Parker regarding her belief regarding the specified sentence in the presentencing investigation report.

3

RESPECTFULLY SUBMITTED,

_____
Attorneys for the Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Russell Ainsworth, an attorney, certify that on August 21, 2012, I served by electronic mail the attached Motion *in Limine* on all counsel of record.

_____
Russell Ainsworth