IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALTON LOGAN, | ) | |
| | ) | Case No. 09 CV 5471 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Bucklo, |
| v. | ) | Presiding |
| | ) | |
| JON BURGE, et al. | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 21
TO BAR THE TESTIMONY OF ERICH SPECKIN**

Now comes Plaintiff, ALTON LOGAN, by and through his counsel, Loevy & Loevy, and respectfully moves this Court for an Order barring the testimony of Erich Speckin. In support thereof, Plaintiff states as follows:

Defendants intend to offer Erich Speckin, a purported expert in forensic document analysis, to opine that the typewritten affidavit attesting to Andrew Wilson's role in the McDonald's murder, which was prepared for Andrew Wilson by Philip McDowell, was not prepared prior to Mr. Wilson's death.

Because Mr. Speckin is not qualified as an expert in forensic document analysis, his testimony regarding the dating of Mr. Wilson's typewritten affidavit should be barred.

**I. Defendants Have Not Met Their Burden of Showing That Mr. Speckin is Qualified to Offer Expert Testimony**

There is no dispute that the party proffering expert testimony bears the burden of showing that the testimony is admissible, both because the proffered expert witness is qualified to testify, and because the testimony proffered meets the requirements for reliability and usefulness set out in Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 584-587 (1993). *See, e.g.*, L*ewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 701 (7th Cir. 2009) (proponent of expert testimony bears the burden of showing admissibility).

In this case, Defendants have submitted Mr. Speckin's resume as evidence of his qualifications, and Mr. Speckin has been deposed on the subject of his background and his opinion in this case. But neither Mr. Speckin's resume nor his deposition testimony establishes that he is qualified to testify as an expert in this case.

**A. Mr. Speckin Does Not Have Any Degree in Forensic Document Analysis**

Mr. Speckin does not claim to have any advanced degree, or any academic degree at all, in forensic document analysis, despite the fact that such degrees are available, and are recognized by courts to be credentials valuable in determining whether a proffered expert is qualified to testify. *See, e.g.*, *United States. v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007)

(considering proffered expert's "extensive academic qualifications and experience," which included a master's degree in forensic science, in making determination whether expert was qualified to testify). According to his resume and deposition testimony, Mr. Speckin holds only an undergraduate degree—a Bachelor of Arts—in chemistry. Exhibit 1 at 8 (Speckin deposition); Exhibit 2 (Speckin resume). Nor is it clear how much, if any, of Mr. Speckin's undergraduate coursework included classes on forensic science or document analysis.

**B.   Mr. Speckin Is Not Certified or Accredited in Forensic Document Analysis**

Although Mr. Speckin has not obtained such any certification, a forensic document examiner can seek and obtain certification in his or her field. The American Board of Forensic Document Examiners ("ABFDE"), which courts have noted is the "only recognized organization for accrediting forensic document examiners," offers certification to practitioners who meet its qualifications and pass its exam. *Wolf v. Ramsey*, 253 F.Supp.2d 1323, 1342 (N.D. Ga. 2003). Not only has Mr. Speckin chosen not to seek such certification, he has also been advised by the organization to cease making false claims about his eligibility for certification. *See E.E.O.C. v. Ethan Allen, Inc.*, 259 F.Supp.2d 625, 632 (N.D. Ohio 2003), citing I*n re Estate of Wang The Huei*, 2002 WL 1341762, [2002] HKEC 1424 (Hong

Kong Special Administrative Region Ct. of First Instance) (Nov. 21, 2002) (attached as Exhibit 3; paragraphs 29.1-29.13 are devoted to Mr. Speckin's qualifications).

Courts have routinely considered ABFDE certification in determining whether a proffered document examiner is qualified as an expert, and excluded the testimony of those who lack such certification. *See, e.g.*, *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992) (refusing to qualify document examiner as expert because, inter alia, he was not ABFDE member); *American General Life and Acc. Ins. Co. v. Ward*, 530 F.Supp.2d 1306, 1313 (N.D. Ga. 2008) (finding proffered expert's lack of certification "significant" and excluding his testimony); *Dracz v. American General Life Ins. Co.,* 426 F.Supp.2d 1373, 1378 (M.D. Ga. 2006) (excluding testimony of expert who was not certified by ABFDE); *Wheeler v. Olympia Sports Ctr., Inc.*, 2004 WL 2287759 (D. Me. Oct. 12, 2004) (noting, in order excluding proffered expert's testimony that expert was not member of ABFDE).

    **C.   Mr. Speckin has not demonstrated that his on-the-job training meets the standards required of an expert**

Mr. Speckin has claimed that the on-the-job training he received in his father's lab, and in another lab, qualify him as an expert in forensic document analysis. But details about the scope and depth of, as well as the number of hours devoted to Mr. Speckin's training are murky at best. For example, during

some significant portion of his training, he was, in theory, employed full time at his father's forensic lab while enrolled in college either full- or part-time. Exhibit 1 at 11-15 (Speckin deposition). At the same time, he was occupied managing his real estate business and holdings. *Id*. at 12-13. Defendants have offered no evidence that Mr. Speckin's on-the-job training met the minimum requirements set by the American Society for Testing Materials in ASTM Standard E2388-11.

Although forensic document examiners often do learn their craft in apprenticeships, Mr. Speckin has not demonstrated that his work with his father or with Mr. Brunelle meets the standards required of an expert. Courts have routinely excluded the testimony of document examiners with years of experience if their training was not sufficiently rigorous. *See, e.g.*, *Dracz*, 426 F.Supp.2d at 1378-79 (excluding testimony of document examiner with 22 years of experience in part because his apprenticeship training was not sufficient).

Taken together, Mr. Speckin's lack of academic training in forensic document analysis, lack of certification or accreditation, and lack of specificity about the scope and nature of his on=the-job training show that Defendants have not met their burden of demonstrating that Mr. Speckin is qualified to testify as an expert in this case.

WHEREFORE, Plaintiff respectfully requests this Court to issue an order barring the testimony of Erich Speckin.

RESPECTFULLY SUBMITTED,

_____
Attorneys for the Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Russell Ainsworth, an attorney, certify that on August 21, 2012, I served by electronic mail the attached Motion *in Limine* on all counsel of record.

_____
Russell Ainsworth